IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMES BIRDSONG and
KATHY BIRDSONG,

    Plaintiffs,

vs.                                         CASE NO. 5:10-cv-196/RS-MD

THOMAS EHLKE and OCEAN
TERRACE CONDOMINIUM ASS'N,
INC., of PANAMA CITY,

    Defendants.
_____/

## ORDER

Before me are Plaintiffs' Motion for Default Judgment (Doc. 10) and Defendant Ocean Terrace's Response (Doc. 15). Because the entry of default is a prerequisite for obtaining a default judgment, *See Bardfield v. Chisholm Props. Circuit Events, LLC*, 2010 U.S. Dist. LEXIS 54681, *24 (N.D. Fla. 2010), Plaintiff's Motion is considered a Motion for Entry of Default.

## Discussion

Plaintiffs initiated this action by filing a complaint on July 19, 2010 (Doc. 1). Defendant Ocean Terrace was personally served with the complaint on July 28, 2010 through their registered agent listed with the Florida Department of State (Doc. 6). Defendant Ocean Terrace answered the complaint on August 26, 2010 (Doc. 9), failing meet the August 18, 2010 deadline imposed by Fed. R. Civ. P. 12 (a) (1) (A). Plaintiff now asserts that this untimely answer warrants an entry of default.

Where a motion for entry of default is opposed by a party who has entered an appearance, the courts may, in considering the contested motion, apply the criteria guiding motions to set aside a default in Fed. R. Civ. P. 55 (c). Wright, Miller & Kane FEDERAL PRACTICE AND PROCEDURE: CIVIL QUICK REFERENCES 844 (2010).

Rule 55(c) incorporates the Fed. R. Civ. P. 60 factors for relieving a party from a final judgment. In relevant part, Rule 60 provides that a court may disallow the entry of a default judgment where there is mistake, inadvertence, surprise or excusable neglect or for "any other reason that justifies relief." Rule 60 is viewed in the light of judicial disfavor for defaults resulting from the strong policy of determining cases on their merits. *In re Worldwide Web Sys*., 328 F.3d 1291, 1295 (11th Cir. 2003)

Here, Defendant Ocean Terrace answered the complaint some eight days beyond the time allowed by Fed. R. Civ. P. 12 (a) (1) (A). The answer was nevertheless filed before the Initial Scheduling Order. It is true that by failing to update their registered agent data, Defendant Ocean Terrace caused the circumstances that led to this delay. However, there is no evidence Defendant Ocean Terrace's actions were purposeful or that Plaintiffs have suffered any prejudice. At most, minimal disruption has resulted, and the entry of default is not warranted.

Plaintiffs' Motion for Default (Doc. 10) is **denied.**


**ORDERED** on September 14, 2010

                                            /S/ Richard Smoak
                                            **RICHARD SMOAK**
                                            **UNITED STATES DISTRICT JUDGE**