# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

JAMES BIRDSONG and
KATHY BIRDSONG,

    Plaintiffs,

vs.                                 CASE NO. 5:10-cv-196/RS-MD

THOMAS EHLKE and OCEAN
TERRACE CONDOMINIUM ASS'N,
INC., of PANAMA CITY,

    Defendants.
_____/

THOMAS EHLKE,

    Third-Party Plaintiff,

vs.

PEOPLES FIRST INSURANCE SVS, LLC,

    Third-Party Defendant.
_____/

## **ORDER**

Before me is People's First Insurance Services LLC's Motion to Dismiss Counts III, IV, and V of Third Party Complaint (Doc. 34), and Thomas Ehlke's Response in Opposition (Doc. 39).

## I. Standard of Review

To survive a motion to dismiss, a complaint must contain sufficient facts, which accepted as true, state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569, 127 S. Ct. 1955, 1974 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). In making this determination, the court must accept all factual allegations in the complaint as true and in the light most favorable to Plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182 (2003).

## II. Background

Mr. Ehlke is the owner of real property in Panama City Beach, Florida, that is the subject of the underlying personal injury lawsuit. Mr. Ehlke alleges that Peoples First Insurance Services, LLC ("Peoples First") offered and issued liability insurance to cover the subject property through a third party insurance carrier. Mr. Ehlke contends that before the accident giving rise to the liability occurred, Peoples First canceled the liability insurance without his consent or knowledge, and that it was only after contacting Peoples First about the incident that he learned of the lapse in coverage. Mr. Ehlke asserts that representatives from Peoples First informed him that the cancelation of the policy was Peoples First's mistake, and that Peoples First would nevertheless defend and indemnify Mr. Ehlke. (Doc. 27, p. 3).

These purported facts are the basis for Mr. Ehlke's five-count Third Party Complaint (Doc. 27) against Peoples First. In this Motion to Dismiss, Peoples First does not take issue with the first two counts -- the negligence or breach of fiduciary duty claims. Peoples First does contest the last three counts -- those based on promissory estoppel, fraud, and negligent misrepresentation.

## III. Analysis

### A. Fraud - Count IV

The *prima facie* case for fraud requires (1) a false statement concerning a material fact; (2) knowledge by the person making the statement that the representation is false; (3) the intent by the person making the statement that the representation will induce another to act on it; and (4) detrimental reliance. *Lance v. Wade*, 457 So. 2d 1008, 1011 (Fla. 1984). In addition, when alleging fraud, "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To comply with Rule 9(b), a complaint must set forth: (1) precisely what statements were made in what documents or oral representations or what omissions were made; (2) the time and place of each such statement and the person responsible for making them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendants obtained as a consequence of the fraud. *Thomas v. Pentagon Fed. Credit Union*, 2010 U.S. App. LEXIS 17301, 5-6 (11th Cir. 2010) (unpublished).

In his third-party complaint, Mr. Ehlke bases his fraud allegation on Peoples First's promise to defend and indemnify that occurred after the accident (Doc. 27, para.

51). Mr. Ehlke has sufficiently alleged that Peoples First, though its agents Cecelia McMahon and Warren Middlemas, knowingly made a false statement of material fact that he relied upon to his detriment. However, Mr. Ehlke has not alleged or sufficiently set forth details concerning what action Peoples First's misrepresentation was intended to induce or what Peoples First obtained as a consequence of the fraud. As such, Mr. Ehlke has not met the heightened pleading standards of Rule 9(b), which is a ground for dismissal. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005).

### B. Negligent Misrepresentation - Count V

To establish negligent misrepresentation, a plaintiff must establish (1) misrepresentation of a material fact; (2) the representor knew of the misrepresentation, made the representation without knowledge as to its truth or falsity, or made the representation under circumstances in which he ought to have known of its falsity; (3) the representor intended that the representation induce another to act on it; and (4) injury resulting to the party acting in justifiable reliance. *Rocky Creek Ret. Props. v. Estate of Fox*, 19 So. 3d 1105, 1110 (Fla. Dist. Ct. App. 2d Dist. 2009).

Here, even under normal pleading standards, Mr. Ehlke failed to address the intentional inducement prong. Mr. Ehlke has not alleged that Peoples First intended to cause Mr. Ehlke to act in some fashion, nor does Mr. Ehlke address what action the misrepresentation was designed to induce. Even in the light most favorable to Mr. Ehlke, the negligent misrepresentation claim is, therefore, not plausible. *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

### C. Promissory Estoppel – Count III

Mr. Ehlke has sufficiently set forth allegations that make his theory under promissory estoppel plausible.

**IT IS ORDERED:**

1. Peoples First's Motion to Dismiss (Doc. 34) is **GRANTED as to Counts IV and V, and DENIED as to Count III**.
2. Count IV is **dismissed without prejudice**.
3. Count V is **dismissed without prejudice**.

**ORDERED** on December 13, 2010

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**